IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:05cv543-MEF (LEAD CASE) |
| | ) | |
| SEVENTY-NINE THOUSAND FOUR HUNDRED NINETY-ONE DOLLARS ($79,491.00) IN UNITED STATES CURRENCY, | ) ) ) ) | |
| | ) | |
| Defendant. | ) | |
| --------------------------- | | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:05cv739-MEF |
| | ) | |
| SEVENTY-SIX THOUSAND SEVEN HUNDRED SEVENTY-FIVE DOLLARS ($76,775.00) IN UNITED STATES CURRENCY, *et al.*, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ON PRETRIAL HEARING

A pretrial hearing was held in this case on November 28, 2006, wherein the following proceedings were held and actions taken:

1. **PARTIES AND TRIAL COUNSEL**:

    For the Plaintiff: John T. Harmon; and,

    For the Claimants Tony and Ruby Leflore: Valerie M. Smedley.

**COUNSEL APPEARING AT PRETRIAL HEARING**:

Same As Trial Counsel.

2. **JURISDICTION AND VENUE**:

Jurisdiction is predicated on 28 U.S.C. §§ 1345 and 1355. Venue is proper as the defendant property is physically located within the Middle District of Alabama.

3. **PLEADINGS**: The following pleadings and amendments were allowed:

Case No. 2:05cv543-F

    a.    Verified Complaint for Forfeiture In Rem;

    b.    Warrant and Summons for Arrest In Rem;

    c.    Verified Claim of Interest by Tony and Ruby Leflore;

Case No. 2:05cv739-F

    a.    Verified Complaint for Forfeiture In Rem;

    b.    Order for Warrant and Summons for Arrest In Rem;

    c.    Claim of Ownership by Tony and Ruby Leflore;

4. **CONTENTIONS OF THE PARTIES**:

**The United States of America**

(1) The Defendant currency constitutes monies furnished, or intended to be furnished, in exchange for controlled substances, or represents proceeds of trafficking in controlled substances or was used or intended to be used to facilitate violations of Title 21, United States Code, Section 801

et seq.

(2)   The Defendant vehicles constitute monies or other things of value furnished or intended to be furnished in exchange for a controlled substance, and/or were used or intended to be used to facilitate one or more violations of Title 21, United States Code, Section 841 et seq.

(3)   The Defendant currency and vehicles are liable to condemnation and to forfeiture to the United States of America for its use, in accordance with Title 21, United States Code, Section 881(a)(6).

(4)   In March 2005, Keith Williams (Williams) was arrested for Possession of Cocaine and was in possession of approximately One Hundred Thirty Thousand Dollars ($130,000). Williams informed law enforcement officers that Sixty-Thousand Dollars ($60,000) of the money came from Tony Leflore (Leflore). A Confidential Source had also informed law enforcement officers that Tony Leflore stored large sums of money and illegal drugs at his residence.

(5)   On March 9, 2005 a search warrant was executed on Leflore's residence. During the search the Defendant currency was seized from an air duct within the residence. A canine (trained to detect the presence of illegal drugs) alerted on the Defendant currency. An alert means the canine has detected the presence of illegal drugs. A Ford

        Expedition was also seized during the search.

(6)    Ruby Leflore, wife of Leflore, was present during the search and signed a statement that she had no idea the money was in the house.

(7)    According to records from Industrial Relations, Leflore's last reported income was in the first quarter of 2004.

(8)    Drug dealers necessarily deal in cash and must seek ways to hide and secrete this case to avoid detection by law enforcement officials. Drug dealers must also find ways to introduce drug proceeds into the banking system so that this cash may be used for various purposes.

(9)    The sources of income asserted by the Claimants as the method of accumulation of the seized currency are not sufficient to justify the amounts seized.

(10)    Records and documents concerning the seized currency do not support lawful accumulation of the amount seized.

**Claimants Tony and Ruby Leflore**

The claimants contend that the U.S. currency seized by the U.S. Government came from rental property; sale of real estate in Indiana; employment earnings by both parties; gambling proceeds by Tony Leflore; and the operation of a night club (Gentlemen's Club) by Tony Leflore.

5.  **STIPULATIONS BY AND BETWEEN THE PARTIES**:

NONE.

It is ORDERED that:

(1) The non-jury trial of this cause, which is to last one and a half (1.5) days, is set for **January 8, 2007**, at 10:00 a.m. at the United States Courthouse in Montgomery, Alabama.

(2) The Government is required to file proposed findings of fact and conclusions of law by **December 29, 2006**. The claimants are required to file proposed findings of fact and conclusions of law by **December 29, 2006**. The parties are also directed to e:mail their proposed findings of fact and conclusions of law to *propord_fuller@almd.uscourts.gov* in WordPerfect format by the dates specified above.

(3) The parties in this case may file trial briefs by **December 29, 2006**.

(4) Each party shall have available at the time of trial, for use by the court (the judge, the courtroom deputy clerk, and the law clerk), **three copies** of the exhibit list and a sufficient number of copies of each photostatically reproducible exhibit for opposing counsel, the courtroom deputy clerk, the law clerk, and the judge to each have a set of the exhibits.

(5) All deadlines not otherwise effected by this order will remain as set forth in the Uniform Scheduling Order (Doc. #12) entered by the court on October 20, 2005 and amended on May 18, 2006 (Doc. #16).

(6) All understandings, agreements, deadlines, and stipulations contained in this Pretrial Order shall be binding on all parties unless this Order be hereafter modified by Order of the Court.

DONE this 1st day of December, 2006.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE